UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA WITHERSPOON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV01912 ERW |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s Motion to Stay [ECF No. 6].

**I.   PROCEDURAL BACKGROUND**

On August 26, 2013, Plaintiffs Katrina Witherspoon, Rebecca Casiano, Shawna Adkins, Samantha Anding, Cheryl Annarelli, Amber Aston, Ashley Barr-Maino, Natasha Bjugan, Ashley Brown, Laquasha Burks, James Burks, Alicia Byington, Ola Cheyenne Carney, Talvata Collier, Shelby Comtois, Travis Comtois, Renee Cooley, Stephanie Corley, Leanndra Couvillion, Brandon Couvillion, Melanie Crumpton, Tammy Delaughter, Brandie Duryea, Stacie Estey, Sara Falcon, Dennis Falcon, Shannon Fewell, Brianna Franklin-Spey, Jacquelyn Goetz-Moffitt, Agata Graham, Jasmin Grayson, Shawna Griffie, Denise Hargreaves, Jennifer Harrington, Tawana Hill-Brooks, Ericia Johnson, Cheryl Keene, Nikita King, Priscilla King, Barbara Luna, Amanda Madril, Korrina Martin, Bradley Davis, Misty Martin, Angela Martinez, Donna McCurry, Amber McDaniel, Brandy McNamee, Jennifer Meyer, Jennifer Montminy, Dailyn Morrell, Juliana O'Brien, Paul O'Brien, Ileia Oliver-Page, Sara Platt, Shawn Platt, Shecaniah Phelps, Maria Pikula, Ebone Porter, Brittany Richter, Jamie Roach, Ollivea Roan, Cody Roan, Miranda Roberson, Katie Rourk, Sonya Ruiz,

Augustin Ruiz, Jessica Sanborn, Candace Saye, Ashley Schluessler, Amber Seachrist, Meredith Smith, Suzanne Smith-Freda, Delvina Spahe, Sparkle Spears, Melissa Sullivan, Diane Swosinski, Brent Swosinski, Crystal Trevino, Joanna Trujillo, Josette Underwood, Emily Vestal, Kayla Villarreal, Tammy Wagner, Ursler West, Eva White, Somer White, Jade Whitman, Angela Winfield, Kimberly Wurth, Mao Yang, Nicole Zamora, and Heather Zindars filed a Petition against Defendant Bayer HealthCare Pharmaceuticals Inc. in the Circuit Court of the City of St. Louis. The Petition alleges injuries related to the contraceptive Mirena®, an intrauterine device (IUD) manufactured and sold by Defendant. Specifically, Plaintiffs claim they received Mirena® IUD implants, which migrated out of place and perforated their internal organs, resulting in personal injuries. The Petition states, *inter alia*, claims of negligence, breach of warranty, strict liability, negligent misrepresentation, and fraudulent misrepresentation. On September 26, 2013, Defendant filed a Notice of Removal with this Court, asserting federal subject matter jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs subsequently filed a pending Motion to Remand [ECF No. 11] this case to the Circuit Court of the City of St. Louis for lack of complete diversity.

This action is one of many product liability cases filed in courts across the country concerning the alleged risks of Mirena®. On April 8, 2013, the Judicial Panel on Multidistrict Litigation (JPML) issued an order establishing a multi-district litigation (MDL) proceeding in the Southern District of New York. *See In Re: Mirena IUD Prods. Liab. Litig.*, No. 2434, 938 F. Supp. 2d 1355 (J.P.M.L. 2013). Defendant states this case involves the same factual inquires at issue in the MDL court, and it has filed a Notice of Potential Tag-Along seeking transfer of this case to the MDL. Currently before the Court is Defendant's Motion to Stay, which asks the Court to all stay proceedings, including the Motion to Remand, pending anticipated transfer of this case to the MDL court.

## II. STANDARD

A district court has inherent power to stay its proceedings. *Bledsoe v. Janssen Pharmaceutica*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance." *Id.* at 254-55; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Specifically, "the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360; *Bledsoe*, 2006 WL 335450, at *1.

## III. DISCUSSION

In its Motion, Defendant raises two main issues. First, it contends a stay is appropriate in this case to further the goals of the MDL. Second, in the event the Court grants the Motion to Stay, Defendant avers the Court should refrain from deciding the pending Motion to Remand.

### A. Appropriateness of Stay in This Case

Defendant contends a stay will promote the JPML's goals of eliminating duplicative discovery, preventing inconsistent rulings on pretrial matters, and conserving the resources of the parties, counsel, and the judiciary. *Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d at 1357. Defendant asserts Plaintiffs' claims overlap with numerous other lawsuits already pending in the MDL court, and a stay would further judicial economy and maximize efficiency. Additionally, Defendant argues a stay would result in minimal prejudice to Plaintiffs, because the JPML will likely

determine the transferability of this case in a short time. Finally, Defendant contends it would suffer prejudice in the absence of a stay, because it would be forced to litigate complex issues both in this Court and in the MDL court.

The Court finds Defendant's arguments persuasive, and concludes judicial economy weighs heavily in favor of granting the requested stay. A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary. Although Plaintiffs may be subjected to some – likely minimal – amount of prejudice, that prejudice is greatly outweighed by the judicial economy interests outlined by Defendant. The Court concludes both parties will benefit from coordinated pretrial management.

Additionally, the Court is not persuaded by Plaintiffs' arguments in opposition. Plaintiffs state this case is "factually distinguishable" from the MDL cases, but fails to explain the relevant factual differences between this case and those consolidated by the JPML. Moreover, the Court notes, in other filings, Plaintiffs have stated "each Plaintiff claims that the Mirena® IUD migrated out of place, perforating the internal organs of Plaintiffs and resulting in profound personal injuries," [ECF No. 21 at 2]; the JPML's order consolidated cases alleging "the product may migrate away from its original position, perforate the uterus, and/or cause related injuries." *Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d at 1356.

Finally, in a "supplemental" opposition, Plaintiffs contend the Court should deny the requested stay, because, they allege, Defendant has improperly commenced discovery before conferring as required by Federal Rule of Civil Procedure (FRCP) 26(f). Specifically, Plaintiffs assert, by prematurely scheduling the deposition of a witness for this case, Defendant has acted inconsistently with its request for stay, calling into doubt the sincerity of its Motion. Plaintiffs

suggest Defendant's conduct is "sanctionable," and they ask the Court to "strongly admonish" Defendant for its purportedly bad faith conduct. [ECF No. 25 at 2-3].

As an initial matter, the Court declines to rule on the propriety of Defendant's alleged conduct. Plaintiffs have not filed a motion for sanctions, and even if they had, they have failed to certify they attempted to confer with Defendant in good faith. Fed. R. Civ. P. 37(a)(1). More importantly, however, the Court cannot conclude the alleged conduct – even accepted as true – renders a stay inappropriate in this case. Plaintiffs have still failed to controvert Defendant's well-supported argument that a stay would further judicial economy based upon the three factors outlined above. Additionally, the Court notes Defendant's Cross-Notice of Deposition, inviting Plaintiffs to appear and examine the witness, states,

> The examination will be conducted pursuant to the Federal Rules of Civil Procedure and the provisions of *In Re: Mirena IUD Product [sic] Liability Litigation*, In [sic] the United States District Court, Southern District of New York, MDL Docket No. 2434, Case Management Order No. 9.

[ECF No. 25-1 at 1]. This statement allows for a reasonable inference that Defendant anticipates the JPML will transfer this case to the MDL court, and seeks the deposition for use in the MDL proceedings, significantly undermining Plaintiffs' "frivolity" argument.

Accordingly, the Court will grant a stay in this case.

### B. Pending Motion to Remand

Defendant argues any stay imposed by this Court should encompass the pending Motion to Remand. Defendant states the anticipated transferee judge, the Honorable Cathy Seibel, may address the Motion to Remand in the MDL court. Additionally, Defendant contends the MDL court will be better equipped to handle the Motion to Remand, which turns on questions of New Jersey law. Plaintiffs respond this Court should decide the pending Motion to Remand, which addresses the Court's subject matter jurisdiction and therefore warrants preliminary determination.

When confronted with contemporaneous motions to stay and motions to remand, courts have taken varied approaches. A large number of courts hold the power to grant a stay is subject to the existence of subject matter jurisdiction. *See State of Minn. v. Pharmacia Corp.*, No.05-1394 PAM/JSM, 2005 WL 2739297, at *2 (D. Minn. Oct. 24, 2005) ("[T]he absence of subject matter jurisdiction renders the Court powerless."); *Penn. v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 521 (E.D. Penn. 2005) ("This Court . . . concludes the power to grant a stay is subject to an important limitation: the existence of subject matter jurisdiction."); *Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 142 (D. Mass. 2007) ("[T]his court finds no reason to require the plaintiffs to suffer the undeniable delays inherent in all MDL asbestos cases unless there is federal jurisdiction.").

Other courts have concluded a pending motion to remand "can be presented to and decided by the transferee judge." *Buie v. Blue Cross & Blue Shield of Kan. City*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005); *see also In re Prudential Ins. Co. of Am. Sales Practtices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

A third category of courts have developed the "*Meyers*" method, which confronts the instant issue on a case-by-case basis. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wisc. 2001); *Penn. v. McGraw-Hill Cos., Inc.*, 2013 WL 1397434, at *3 (M.D. Penn. Apr. 5, 2013); *Nekritz v. Canary Capital Partners, LLC*, No. 03-5081, 2004 WL 1462035 (D.N.J. 2004). This method instructs courts to make a "preliminary assessment" of jurisdiction. *Meyers*, 143 F. Supp. 2d at 1048. The court should consider (1) whether the merits of the motion to remand are clearly resolvable or abstruse, and (2) whether the jurisdictional issues are likely to arise in other cases in the MDL court. *Id.* at 1050. "Only if the jurisdictional issue is both difficult and similar or identical

to those in cases transferred or likely to be transferred should the court . . . consider the motion to stay." *Id.*

Given the fundamental limits of this Court's jurisdiction as established by Article III of the United States Constitution, the Court agrees with the first category of cases, and finds the power to grant a stay is subject to the existence of subject matter jurisdiction. Additionally, the Court has made a "preliminary assessment" of the Motion to Remand, and finds its substance lacking in complexity and clearly resolvable in favor of Defendant; thus, even under the *Meyers* standard, the Court would determine jurisdiction as a preliminary matter. In any event, nothing prohibits this Court from determining subject matter jurisdiction before deciding the Motion to Remand. *See Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002). Rule 2.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation specifies,

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

Thus, even if it is unclear whether this Court has the duty to decide the Motion to Remand, it is certainly clear it has the authority.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bayer HealthCare Pharmaceuticals Inc.'s Motion to Stay [ECF No. 6] is **GRANTED, in part**, and **DENIED, in part**. Defendant's Motion is granted to the extent it requests a stay, and denied to the extent it asks the Court to abstain from ruling on the Motion to Remand [ECF No. 11].

Dated this  18th  day of November, 2013.

*E. Richard Webber* (signature)
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE